ALLEN D. IVIE v. D. F. KING.

(Filed 24 May, 1915.)

**Slander — Justification — Evidence — Punitive Damages—Burden of Proof— Good Faith—Express Malice.**

Where in an action for slander the defendant pleads justification, but fails to introduce evidence of the truth of the libelous matter or that his plea was made in good faith, the issue of his good faith is not presented; for the burden of proof of such matters is upon the defendant; and in this case the charge of the court was correct that the plea of justification unproved or unsupported by the evidence could be considered by them upon the question of aggravation under the issue of punitive damages, having charged that such damages could not be awarded unless express malice should be found.

PETITION by defendant to rehear; appeal from *Devin, J.,* from ROCK-INGHAM.

*W. P. Bynum, H. R. Scott, P. W. Glidewell, Thomas S. Beall, Manly, Hendren & Womble, and A. W. Dunn for plaintiff.*
*Manning & Kitchin for defendant.*

CLARK, C. J. This is a petition by defendant to rehear this case, reported, *Ivie v. King,* 167 N. C., 174. The order to docket the petition for rehearing was restricted to the second ground of the petition—the question of punitive damages. Rule 53 of this Court, 164 N. C., 556. It is, therefore, unnecessary to consider matters arising on the first and second issues.

The defendant, as authorized by Revisal, 502, pleaded justification, as well as matters in defense. The opinion of this Court, 167 N. C., at p. 179, is as follows: "Exceptions 16 and 17 were to instructions that on the question of punitive damages the jury could consider in aggravation of damages that the defendant had pleaded justification in his answer and that he had failed to prove that the plaintiff was guilty of the matters which the defendant had charged in his answer. The court had already instructed the jury that punitive damages could not be awarded unless they found that the defendant was actuated by express malice. If that was so found, the court told them that in assessing the damages they could consider that the defendant, not content with the publication sued on, had answered, pleading its truth, thus making it a part of the court records." The petition asserts that this is error, because the court below should have told the jury "that a plea of justification interposed *bona fide* for the lawful purpose of defending an action is not an aggravation, and that unsuccessful justification can only be considered aggravation when interposed for the wrongful purpose of repeating the original slander." And further, that an instruction, such as those excepted to, which fail to require the jury to find bad faith in interposing the plea, is error.

In Newell on Slander and Libel, secs. 430 and 431, it is shown that the question whether the plea of justification is unsupported by evidence is an aggravation is a matter in regard to which the decisions are conflicting, but the author thought that the better rule would be that the jury should decide in each case whether the justification was interposed in good faith or not.

In *Upton v. Hume,* (Oregon) 41 Am. St., 864, it was held that the mere failure to make out justification does not aggravate damages, if the jury found that the defendant was free of malice and had good reason to believe that the libel he published was true.

In this case the court charged that the jury could not award punitive damages unless they found that the defendant was actuated by express malice. On the trial the defendant did not introduce any evidence to prove the truth of his charges. It was the duty of the defendant, in such case, to disclose in the evidence facts and circumstances tending to show that his plea was interposed in good faith, and it was not the duty of the plaintiff to negative this proposition.

If on the trial the defendant had introduced evidence to prove the truth of his publication, and further that his plea in justification was interposed in good faith, then the question whether such defense was made in good faith or not should have been submitted to the jury. But in the absence of evidence that the plea of justification was interposed in good faith, and more especially when there was no evidence of the truth of the publication, the issue of good faith was not presented.

If the plea was interposed in good faith, that was a matter of defense and within the knowledge of the defendant. It devolved on him to introduce evidence to that effect and to ask an instruction upon that phase of the case. This he did not do, and we cannot see that he has suffered any prejudice.

Petition dismissed.